**Decided October 8, 1986**

FiLED

86 OCT 8 A 8:42

COMM _____
BY_____

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

IN THE MATTER OF THE ESTATE OF )    CIVIL ACTION NO. 85-561[*]
                               )
                               )
MARTIN PANGELINAN VILLAGOMEZ,  )       MEMORANDUM OPINION
                               )
        Deceased.              )
_____)

The petition of the administratrix of the estate of Martin P. Villagomez, deceased, for an order authorizing the sale of certain real property belonging to the estate in order to satisfy certain claims against the estate of the decedent was heard October 1, 1986.

Counsel for the administratrix advised the court that there are several valid claims filed against this estate and the estate of the spouse Francisca Camacho Villagomez, deceased, totaling over approximately $25,000.00. Further, any sale of certain personal properties of the two estates not otherwise exempt will not be sufficient to satisfy these claims.

A review of the four listed real properties belonging to either or both estates show that the primary residence of the

_____

*Consolidated with Estate of Francisca C. Villagomez, Civil Action No. 85-562.

851

decedents' is that situated on Lot 002 F 41, San Jose, Saipan, which appears to be exempt property, but which is also used as security for two of the loans sought to be satisfied. This property has an appraised value of $45,000.00.

Another property is Lot 002 H 68, situated at Susupe, Saipan having an appraised value of $4,000.00.

Still another property is Lot 002 T 24 at San Jose, Tinian, with an appraised value of $13,000.00.

Finally, a fourth parcel, Lot 251 T 01, is an agricultural homestead plot having an area of 25,506 square meters and appraised at $70,000.00.

Since Lot 002 F 41 appears to be exempt, unless subsequently foreclosed, the court will not authorize the sale of this property. Also, since Lot 002 H 68 and Lot 002 T 24, if sold, will not together bring an amount anywhere near to satisfy the various outstanding claims, these parcels also will not be put up for sale.

The only lot that appears susceptible to sale for satisfaction of the various claims appear to be agricultural lot 251 T 01, appraised at $70,000. An apparent problem noted at the hearing, however, relates to the fact that this specific property is acquired under the agricultural homesteading program and appears not amenable to transfer by sale.

A close review of the constitutional restriction on the transfer of homestead property for a period of ten (10) years after acquisition from the Marianas Public Land Corporation (MPLC) shows that lot 251 T 01 is not affected by

such restriction. See <u>Constitution of the Northern Mariana Islands</u>, Article XI, Section 5(a) and the <u>Analysis</u> thereof.

The Constitution became effective January 9, 1978. Article XI established and created the Marianas Public Land Corporation. Section 5 thereof sets out the fundamental policies to be followed by MPLC. Among those policies are the restrictions on the transfer (by sale) of property acquired through the homestead program, "if a homestead program is continued by the legislature." See <u>Analysis of the Constitution</u>, pp. 152-155, analyzing Section 5(a) of Article XI.

The land in question, Lot 051 T 01, was an agricultural homestead issued to the decedent Martin P. Villagomez on July 9, 1976, by then Resident Commissioner Erwin D. Canham, under then existing agricultural homesteading program rules and regulations.

This particular agricultural homestead was issued pursuant to the homesteading program then in effect, i.e. prior to the Constitution. It is not a homestead issued pursuant to the new laws, rules and regulations subsequently enacted or promulgated under the Constitution.

Section 5(a) of the fundamental policies to be followed by MPLC and the restrictions thereunder appear to apply to homesteads under the homestead programs continued by the Legislature. See <u>Analysis of the Constitution</u> with respect to Article XI, Section 5(a). Nowhere in Article XI of the Constitution could one find language, express or implied, that the 10-year no transfer restriction apply retroactively to

property homesteaded under the pre-Constitution homesteading program. In the absence of any such provision or intention, the general rule is that statutes and laws have prospective application.

Here, the homesteader Martin P. Villagomez was entitled to receive a deed from the Government after the homestead matured. See Cruz vs. Johnston, 6 T.T.R. 354 (Marianas, 1973). At the time it matured (1980), however, it so happened that title to all Commonwealth lands had by then vested in MPLC which, in effect, had the ministerial obligation of performing the task of transferring title to the homesteader. This it did, but not pursuant to any new homestead program continued by the legislature.

The court, therefore, concludes that the 10-year no transfer restriction under Section 5(a) of Article XI of the Constitution do not apply to Lot 251 T 01. Further, it is clear that, under the pre-Constitution homestead program, a homesteader upon receiving title to homestead property may transfer the same by sale. Ilisari vs. Taroliman, 7 T.T.R. 71, 75 (Marianas, 1974), affirmed 7 T.T.R. 391, 394 (Marianas, 1976).

An order permitting the sale of Lot 251 T 01 shall issue with certain conditions imposed.

Dated at Saipan, CM, this 7th day of October, 1986.

Jose S. Dela Cruz, Associate Judge